# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GREGORY LENARD MILLS,**

      **Plaintiff,**

**v.**                                          Case No:   6:14-cv-638-Orl-37KRS

**THE STATE OF FLORIDA,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

**I.   BACKGROUND.**

This cause comes before the Court upon review of a complaint filed by Plaintiff Gregory Lenard Mills on April 24, 2014.  Doc. No. 1.  In the complaint, Plaintiff attempts to bring a lawsuit against the State of Florida pursuant to 42 U.S.C. § 1983.  It appears that Plaintiff was charged in state court with the possession of a firearm by a felon and/or resisting arrest with violence and that he was sentenced to a term of imprisonment after entering a plea of *nolo contendere*.  With this lawsuit, he alleges that his rights under the Fifth and Eighth Amendments have been violated and asks that the Court expunge his criminal record and award him at least $1 million in punitive damages "for his unlawful incarceration for a period of 11 years."

Because Plaintiff failed to pay the filing fee, I construe Plaintiff's complaint as if he were asking for permission to proceed *in forma pauperis*.

**II.   LEGAL STANDARD.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis*, the Court is required to consider whether the plaintiff's complaint is frivolous,

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). To state a claim upon which relief can be granted, a plaintiff's complaint must contain sufficient factual content to bring his claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is frivolous within the meaning of §1915(e)(2)(B), if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed as frivolous if an affirmative defense, such as absolute immunity, would defeat the action. *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 & n.2 (11th Cir. 1990) (collecting cases). Finally, under Fed. R. Civ. P. 12(h)(3), a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)).

**III. ANALYSIS.**

Plaintiff's complaint is due to be dismissed for several reasons. Among other things, Plaintiff's claims against the State of Florida are barred because the State of Florida is entitled to Eleventh Amendment immunity.[1] The Eleventh Amendment states that "[t]he Judicial power of

---

[1] Eleventh Amendment immunity is a jurisdictional issue, and, if Eleventh Amendment immunity applies, a district court lacks jurisdiction. *McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001) (citations omitted). However, unlike most jurisdictional issues, which cannot be waived and must be raised by the court on its own initiative, the Eleventh Amendment does not automatically deprive a court of original jurisdiction. Instead, a federal court is required to consider whether Eleventh Amendment immunity strips it of jurisdiction only if a state defendant insists that it does. *Id.* at 1257 (citations omitted). In this sense, Eleventh Amendment immunity is similar to an affirmative defense.

the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although the plain language of the Eleventh Amendment only precludes federal courts from hearing cases brought against a state by citizens of another state, the U.S. Supreme Court has construed it to bar suits against a state brought by that state's own citizens as well. *See, e.g.*, *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (citations omitted). Eleventh Amendment immunity from suit in federal court applies both when a plaintiff seeks damages against a state and when a plaintiff seeks injunctive relief against a state. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (citing *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945)); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (citations omitted). Thus, Plaintiff's § 1983 suit is barred unless an exception to Eleventh Amendment immunity applies.

Exceptions to Eleventh Amendment immunity exist if: (1) a suit seeks prospective injunctive relief to prevent an ongoing violation of the federal constitution against a state official in his or her official capacity; (2) if the state waives its immunity and consents to suit; or (3) if Congress validly abrogates the state's Eleventh Amendment immunity. *Svet v. Fla. Dep't of Juvenile Justice*, No. 2:11-cv-394-FtM-29SPC, 2012 WL 5188036, at *3 (M.D. Fla. Oct. 19, 2012) (citations omitted). None of these exceptions applies here. Plaintiff is not seeking prospective injunctive relief against a state official in his or her official capacity. He is suing the State of Florida itself. In addition, the State of Florida has not waived Eleventh Amendment immunity in § 1983 actions, *Spooner v. Dep't of Corrs.*, 514 So. 2d 1077, 1078 (Fla. 1987), and Congress has not abrogated the States' Eleventh Amendment immunity from § 1983 actions, *Williams v. Bd. of Regents*, 477 F.3d 1282, 1301 (11th Cir. 2007). Accordingly, Plaintiff's claims

are barred by Eleventh Amendment immunity, and should be dismissed as frivolous within the meaning of § 1915. *See Benton v. Dep't of Juvenile Justice*, No. 6:14-cv-5-Orl-28KRS, Doc. No. 3 (M.D. Fla. Jan. 10, 2014), *adopted by* Doc. No. 4 (M.D. Fla. Feb. 4, 2014) (collecting cases and concluding that claim barred by Eleventh Amendment immunity should be dismissed as frivolous within meaning of § 1915).

Second, even if Plaintiff's suit was not barred by the Eleventh Amendment, it would be due to be dismissed because the State of Florida is not a "person" within the meaning of § 1983 and, therefore, not a proper defendant in a § 1983 case. *See VanBenthuysen v. Florida*, 427 F. App'x 864, 866 (11th Cir. 2011) (cited as persuasive authority) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

Because Plaintiff is proceeding *pro se* and it is at least possible that an amended complaint could cure the defects of the current complaint, he should be given leave to file an amended complaint. In an amended complaint, he should clearly explain the factual basis for his claim that his constitutional rights have been violated. On this point, I note that Plaintiff's complaint appears to be challenging his underlying conviction(s), but his reference to bringing his case "back before the courts" suggests that he may be trying to re-raise issues that were addressed in earlier prison condition lawsuits, such as *Mills v. Crosby*, No. 3:05-cv-834-32TEM (M.D. Fla. 2005). An amended complaint should make it clear whether he is challenging the validity of his underlying conviction(s), challenging actions that occurred while he was incarcerated, or both. An amended complaint should not name as defendants any entities or persons that are entitled to Eleventh Amendment immunity and should only name as defendants entities or persons that can be found legally liable for the conduct about which he complains.

**IV.    RECOMMENDATION.**

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** Plaintiff's complaint without prejudice and **ORDER** Plaintiff to file an amended complaint within a time specified by the Court following its ruling on this Report and Recommendation.   Plaintiff should be advised that failure to file a proper amended complaint within the time specified by the Court may result in the case being closed without further notice.

Plaintiff should also be advised that, if he files an amended complaint, he must either pay the full filing fee or file a completed Application to Proceed Without Prepayment of Costs (Long Form) with his amended complaint.   Accordingly, if the Court adopts this Report and Recommendation, I **FURTHER RECOMMEND** that the Court direct the Clerk of Court to mail a copy of a blank Application to Proceed Without Prepayment of Costs (Long Form) to Plaintiff with its Order on this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 28, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy