**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

GREGORY LENARD MILLS,

    Plaintiff,

v.                                  Case No. 6:14-cv-638-Orl-37KRS

STATE OF FLORIDA,

    Defendant.

**ORDER**

This cause is before the Court on its own motion. Proceeding *pro se*, Plaintiff initially brought this 42 U.S.C. § 1983 action against the State of Florida, seeking expungement of his criminal record and one million dollars in punitive damages for his allegedly unlawful incarceration in 1997. (*See* Doc. 1, pp. 2, 5.) On the Magistrate Judge's Report and Recommendation ("R&R"), the Court dismissed Plaintiff's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) because Eleventh Amendment immunity barred Plaintiff's claims against the State of Florida, the only named Defendant. (Doc. 7, pp. 2–3.) The Court granted Plaintiff leave to file, on or before June 27, 2014, an amended complaint "that complies with Magistrate Judge Spaulding's R&R"—that is, one which names appropriate defendants for the claims related to the 1997 incarceration. (*Id.* at 3.)

On June 24, 2014, Plaintiff filed a document entitled "Amended Civil Rights Complaint" which contains allegations completely unrelated to the incarceration underlying his initial § 1983 claims. (*See* Docs. 1, 8.) In this latest filing, Plaintiff alleges that after he filed his original Complaint, the Sanford Police Department removed him from his residence and placed him in a Seminole County behavioral healthcare facility

pursuant to the Baker Act, Fla. Stat. § 394.451. (*See* Doc. 8, pp. 5–6.) The purported Amended Complaint names three of the healthcare facility's employees as Defendants and seeks $60,000 in punitive damages for their failure to timely provide him with legal counsel. (*Id.* at 3–4, 6–7.)

Plaintiff's "Amended Civil Rights Complaint" proceeds under an entirely new cause of action—which was not authorized—and fails to correct the deficiencies identified in the Magistrate Judge's R&R—which was required. (*See* Doc. 7, p. 3.) Accordingly, the filing is due to be stricken as an unauthorized pleading, and this case is due to be dismissed for failure to timely file an appropriate amended complaint.[1] (*Id.*)

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Amended Civil Rights Complaint (Doc. 8) is **STRICKEN**. The Clerk is **DIRECTED** to remove the Amended Civil Rights Complaint from the docket.

2. This case is **DISMISSED WITHOUT PREJUDICE**.

3. All pending motions are **TERMINATED**.

4. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 7, 2014.

ROY B. DALTON JR.
United States District Judge

---

[1] The Court notes that Defendant attached to his "Amended Civil Rights Complaint" a petition for a writ of habeas corpus that was filled out on a form provided by the Circuit Court of the 18th Judicial Circuit in and for Seminole County, Florida. (Doc. 8, pp. 8–9.) To the extent that Plaintiff seeks such relief, that request should be made in state court.

Copies:

Counsel of Record

*Pro se* Party